**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION**

| | |
|---|---|
| PLEASURECRAFT MARINE ENGINE CO. | ) |
| | ) |
| Plaintiff, | ) Civil Action No. _____ |
| | ) |
| v. | ) **Jury Trial Demanded** |
| | ) |
| INDMAR PRODUCTS CO., INC., | ) |
| | ) |
| Defendant. | ) |

**VERIFIED COMPLAINT**

Pleasurecraft Marine Engine Co., for its complaint against Indmar Products Co., Inc., states as follows:

**Parties**

1.   Plaintiff Pleasurecraft Marine Engine Co. (hereafter, "Pleasurecraft" or "Plaintiff") is a corporation duly organized and existing under the laws of the State of Ohio, and has an office and place of business at 1737 U.S. 76, Little Mountain, South Carolina 29075.

2.   Upon information and belief, defendant Indmar Products Co., Inc. (hereafter, "Indmar" or "Defendant"), is a corporation organized and existing under the laws of the State of Tennessee, with a place of business located at 5400 Old Millington Road, Millington, Tennessee 38053.

## Jurisdiction and Venue

3.    This action for patent infringement arises under the patent laws of the United States and more particularly under 35 U.S.C. §§ 1 *et seq.*, including without limitation, 35 U.S.C. §§ 271, 281, 283, 284 and 285.

4.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.    Defendant has offered and continues to offer for sale and has sold certain infringing marine engines having a water cooled exhaust system both within and outside of South Carolina, thereby causing harm and tortious injury to Plaintiff in this District and subjecting Defendant to personal jurisdiction by the United States District Court for the State of South Carolina.

6.    Venue is proper in this District pursant to 28 U.S.C. §§ 1391(c) and 1400(b).

7.    Assignment to the Greenwood Division of this District is proper under Local Civ. Rule 3.01(A) (D.S.C.).

## The Count

8.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 7, inclusive, of this Complaint as if fully set forth herein.

9.    On September 28, 2010, United States Letters Patent No. 7,803,026 (hereafter the "'026 patent") was issued for a "Marine Engine Exhaust System." The '026 patent was granted in the name of the inventor Mark C. McKinney, who has duly assigned the patent, as indicated on its face, to Plaintiff. Plaintiff is and has been the assignee and owner of record in the United States

Patent and Trademark Office. A copy of the '206 patent is attached hereto as Exhibit A and is incorporated herein by reference.

10. Defendant is in the business of manufacturing and/or selling, *inter alia*, marine engines and related equipment. Defendant is, more specifically, in the business of manufacturing and/or selling marine engines having exhaust systems that utilize a mixture of exhaust gas and water.

11. Defendant has infringed and continues to infringe one or more of the claims of the '026 patent in contravention of 35 U.S.C. § 271(a) by manufacturing, using, offering to manufacture and/or offering to sell and selling in the United States, certain marine engines with exhaust systems covered by the '026 patent without leave or license of plaintiff and patentee Pleasurecraft and in violation of Pleasurecraft's rights.

12. On information and belief, Defendant will continue to infringe the '026 patent unless enjoined by this Court. More specifically, upon information and belief, Defendant is manufacturing the Raptor line of marine engines, a brochure for which is attached hereto as Exhibit B, and which is also displayed at the website, http://www.indmar.com, which, on information and belief, Plaintiff alleges is created, designed, controlled and maintained by Defendant..

13. Upon information and belief, Defendant has manufactured, used, offered to manufacture and/or offered to sell and sold marine engines which combine water and exhaust gas in a particular manner with full knowledge of Plaintiff's patent claims covering such exhaust systems.

14. Such infringement is injuring Plaintiff in that is it diverting potential sales from Plaintiff to Defendant and causing Plaintiff to expend increased time and expense in educating its consumer base. Additionally, upon information and belief, Defendant is offering its infringing

marine engines at prices which may potentially depress the prices of Plaintiff's competitive marine engines.

15.     Defendant's infringement of the '026 patent has been and continues to be willful and deliberate.

16.     As a direct and proximate result of the infringing conduct of Defendant, Plaintiff has been damaged and will continue to be damaged and will be caused irreparable injury unless Defendant is enjoined by this Court.  Plaintiff has no adequate remedy at law; and irreparable injury to Plaintiff increases with each and every act of infringement committed by Defendant.

## Prayer for Relief

WHEREFORE, Plaintiff prays:

A.     That a permanent injunction issue enjoining Defendant and its officers, agents, related companies, servants, employees, attorneys, successors and assignees and all of those acting under any of their authority or in privity with any of them, from further infringement of the '026 patent owned by Plaintiff;

B.     That Plaintiff recover from Defendant Plaintiff's actual monetary damages associated with Defendant's infringing conduct, including, without limitation, Defendant's profits for the sale of infringing marine engines;

C.     That this Court find the Defendant's conduct to be willful and with knowledge of Plaintiff and its '026 patent;

D.     That this Court award treble damages to Plaintiff based upon Defendant's conduct;

E.     That Plaintiff recover from Defendant the costs of this suit and reasonable attorneys fees;

F. That Defendant make a full report to this Court of its compliance with the foregoing within 30 days of judgment herein; and

G. That Plaintiff have such other relief, legal and equitable, including, without limitation, prejudgment interest, as this Court may deem just and proper.

November 24, 2014

Respectfully submitted,

**HAYNSWORTH SINKLER BOYD, P.A.**
By: s/ Steve A. Matthews
Steve A. Matthews
Federal ID No. 5119
smatthews@hsblawfirm.com
1201 Main Street (29201-3226)
P.O. Box 11889 (29211-1889)
Columbia, South Carolina
(803) 779-3080

*Counsel for Plaintiff*
*(pro hac vice motions to be submitted)*

Barry I. Friedman, Esq.
Brian T. Must, Esq.
Neal P. Pierotti, Esq.

Metz Lewis Brodman Must O'Keefe LLC
535 Smithfield Street, Suite 800
Pittsburgh, Pennsylvania 15222
(412) 918-1100

5

## VERIFICATION

I, John S. Thurman, Jr., President of Pleasurecraft Marine Engine Co., have read the foregoing Verified Complaint. The statements therein are correct to the best of my personal knowledge or information and belief.

This statement and verification is made subject to the penalties of perjury under the laws of the United States, 18 U.S.C. 1001, et seq. and 28 U.S.C. § 1746, relating to unsworn declarations.

DATED: 11/24/14