# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON DIVISION

| | |
|---|---|
| PLEASURECRAFT MARINE ENGINE CO., | ) ) ) |
| Plaintiff, | ) Civil Action No. 8:14-cv-04507-MGL ) |
| v. | ) **ORDER OF COURT** ) |
| INDMAR PRODUCTS CO., INC., | ) ) ) |
| Defendant. | |

## ORDER OF COURT

This matter is before the Court upon the Motion to Stay Litigation Pending *Inter Partes* Review of the Patent-In-Suit filed by Defendant Indmar Productions Co, Inc. ("Indmar") (the "Motion") and memorandum of law in support filed July 29, 2015. (ECF No. 31). On August 17, 2015, Plaintiff Pleasurecraft Marine Engine Co. ("Pleasurecraft") filed its response in opposition to the stay (ECF No. 37), to which Indmar filed a reply memorandum on August 21, 2015. (ECF No. 38). The matter is now ripe for decision.

### Background

Pleasurecraft filed the underlying lawsuit on November 24, 2014, (ECF No. 1), and by agreeing to waive service of the summons, Indmar filed its Answer, (ECF No. 10), on May 12, 2015, denying the allegations in the Complaint. In the Complaint, Pleasurecraft alleges that Indmar has infringed its U.S. Patent 7,803,026 ("the '026 Patent"), directed to engine exhaust systems used in marine engines. (ECF No. 1-1).

1

Indmar filed its petition for *inter partes* review ("IPR") with the United State Patent and Trademark Office ("USPTO") on July 27, 2015, challenging the validity of the '026 Patent, the patent-in-suit. Indmar's IPR Petition, (ECF No. 31-2), seeks to invalidate every claim of the '026 patent that Indmar believes is asserted in this case.

## Legal Standard

A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Whether to stay a case pending patent reexamination is within the discretion of the court. *See Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 602–03 (Fed. Cir. 1985); *NTP, Inc. v. Research In Motion, Ltd.*, 397 F.Supp.2d 785, 787 (E.D. Va. 2005); *Graham-White Mfg. Co. v. Ell-Con Nat'l., Inc.*, 2006 WL 2716439 * 2 (D.S.C. 2006)) ("In deciding whether to grant a stay, courts generally consider the following factors: 1) reduction of the burden on the parties and the court; 2) the stage of the litigation; and 3) any undue prejudice caused by the stay to the non-moving party.").

## Discussion

1) Stage of Litigation

The stage of the litigation supports entry of a stay pending resolution of the IPR Petition. There has been no fact discovery in this case, and no document requests, interrogatories, or deposition notices have been served. No trial date has been set. The Court has yet to determine a date for the *Markman* hearing on any disputed issues of claim construction which may arise. The fact that Indmar is seeking a stay at this early

stage of the litigation before any discovery has been conducted or any contentions have been served reduces any tactical considerations that might come into play when seeking a stay at a more advanced stage of the litigation. Preventing potentially futile expenditures of time and resources by the parties and the Court weigh in favor of granting a stay at this stage in the litigation. *Cellectis S.A. v. Precision Biosciences, Inc*., 2010 WL 3430854 (E.D.N.C. 2010). This is true even though review has not yet been initiated by the USPTO, given that there has not already been significant efforts expended in discovery and/or claim construction. *See, e.g., Black & Decker Inc. v. Positec USA, Inc.,* 2013 WL 5718460 at *6 (granting motion to stay before *inter partes* review initiated); *Neste Oil OYJ v. Dynamic Fuels, LLC,* 2013 WL 3353984 at *5.

2) Simplification of the Matters at Issue

The potential for simplification of the issues also supports entry of the requested stay. In almost any case, reexamination by the USPTO will simplify the matters at issue because the PTO's expertise provided will assist the Court in evaluating claims at issues in the underlying litigation. *Sunbeam Products v. Hamilton Beach Brands, Inc.*, 2010 WL 1946262 at *3 (E.D. Va. 2010); *see also Black & Decker Inc.*, 2013 WL 5718460 at *4; *Virtual Agility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014) (calling potential disposition of all claims "the ultimate simplification of issues"). Here, even if the IPR Petition is denied, the Patent Trial and Appeal Board ("PTAB") Decisions on Institution will include the PTAB's claim construction for the disputed terms. *See, e.g.*, *Boston Heart Diagnostics Corp. v. Health Diagnostics Laboratory, Inc.*, IPR2015-00557 (PTAB Decision denying institution of an *Inter Partes* Review including PTAB's

3

claim construction for disputed claim terms).  At the very least, therefore, this Court's claim construction will be informed and aided by additional extrinsic evidence in the form of PTAB's claim construction, which must be considered by the Court when construing a claim term. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005); *Intellectual Ventures I LLC v. PNC Fin. Servs. Grp., Inc.*, 2014 WL 3942277, at *2 (W.D. Pa. Aug. 12, 2014)("the PTO's decisions will become part of the intrinsic records of the patents, and will therefore, simplify the issues to be decided by this Court").

    3) Prejudice to Plaintiff Pleasurecraft

The final factor to consider is whether the stay will unduly prejudice the nonmoving party.  The mere potential for delay in itself does not constitute undue prejudice. *Neste Oil,* 2013 WL 3353984 *2; *Cellectis S.A. v. Precision Biosciences, Inc.*, 2010 WL 3430854 (E.D.N.C. 2010)(noting that delay is inherent in the IPR process and that alone does not amount to undue prejudice).  Pleasurecraft maintains that it will be prejudiced by the continued selling of the accused products.  However, the Court cannot conclude that the possibility or even likelihood of longer, continued sales of the accused products rises to the level of undue prejudice, as the harm to Pleasurecraft during the duration of the stay would be recoverable through monetary damages. *See NTP, Inc. v. T–Mobile, USA, Inc.*, 2007 WL 3254796, at *3 (E.D. Va. Nov. 2, 2007) (finding a stay would not harm the plaintiff where monetary damages are available for infringement during the pendency of the stay).  This Court does not find that the stay contemplated here would unduly prejudice or tactically disadvantage Pleasurecraft.

## Conclusion

Based on the forgoing, Defendant Indmar's Motion to Stay Litigation Pending *Inter Partes* Review of the Patent-In-Suit, (ECF No. 31), is **GRANTED**. This action is stayed pending action by the USPTO/PTAB on the IPR Petition and subsequent reexamination, if ordered, of the patent in suit.

**IT IS SO ORDERED.**

s/Mary G. Lewis<br>
Mary G. Lewis<br>
United States District Judge

September 15, 2015
Columbia, South Carolina